IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-129-GMS |
| LINDA DANYELL WILLIAMS, | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Linda Danyell Williams, by and through her attorney, Edson Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Linda Danyell Williams, agrees to plead guilty to Counts Two and Four of the Indictment. Count Two charges the defendant with wrongfully obtaining individually identifiable health information in violation of 42 U.S.C. § 1320d-6(a)(2) and (b)(3). The maximum penalties are 10 years imprisonment, 3 years supervised release, a $250,000 fine, and a $100 special assessment. Count Four charges the defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A. The penalties for violation of this statute are a mandatory two year term of imprisonment, up to a $250,000 fine and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Two of the Indictment: (a) during the dates

set forth in the Indictment, the defendant was an employee of a healthcare clearinghouse; (b) while so employed, the defendant knowingly obtained individually identifiable health information; (c) with the intent to sell, transfer, and use such information for personal gain. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count Four of the Indictment: (a) the defendant knowingly used, without lawful authority, a means of identification of another person; and (b) the defendant used the means of identification of another person during and in relation to the offense of computer fraud.

3.   The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) from in or around July 2005 to in or around June 2006, the defendant was employed by Hospital Billing and Collection Service (HBCS), a healthcare clearinghouse in New Castle, Delaware, as an insurance representative; (b) in that role, she was authorized to access HBCS' computers for the limited purpose of performing her job duties; (c) several times between in or around January 2006 and in or around April 2006, the defendant accessed HBCS' computers and printed out the personal identity and medical information of patients of HBCS' clients; (d) at least twice between in or around January 2006 and in or around April 2006, the defendant supplied Richard Adjei with the personal identity and medical information of a total of over 400 patients of HBCS' clients; (e) when she supplied the information, the defendant knew that Adjei intended to use the information in connection with illegal activity; (f) the defendant supplied the information to Adjei because Adjei had promised to pay her for the information; and (g) the defendant received money from Adjei in exchange for the patients' personal identity and medical information.

4.   The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

5.   The defendant agrees to pay the $200 special assessment at the time of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6.   Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7.   At the time of sentencing, the Government agrees to move to dismiss Counts One

and Three of the Indictment that was returned against the defendant on November 16, 2006.

8.  The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea on that basis.

9.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_/s/ Linda Danyell Williams_
Linda Danyell Williams
Defendant

_/s/ Edson Bostic_
Edson Bostic
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

BY: _/s/ Beth Moskow-Schnoll_
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: April 26, 2007

AND NOW, this 26th day of April, 2007, the foregoing Memorandum of Plea Agreement in the case of United States v. Linda Danyell Williams, Criminal Action No. 06-129-GMS, is hereby (accepted) ~~(rejected)~~ by this Court.

HONORABLE GREGORY M. SLEET
United States District Court Judge

FILED
APR 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE